## Stammel Estate

*Richard W. Stevenson*, for petitioner.
*Robert C. Spitzer*, for respondent bank.
*Harold E. Stambaugh*, for individual respondent.

SWOPE, *P.J.*, September 20, 1979—This matter is before us on a petition for declaratory judgment filed by Ronald L. Stammel. Petitioner seeks judicial determination as to whether or not respondent trustee, Commonwealth National Bank, has discretionary power to sell certain real property held in

trust without the consent or joinder of the remaindermen following the death of the settlor. Answers were filed by respondent trustee and respondent Robert L. Stammel and a hearing was held on July 25, 1979, which resulted in the following findings of fact:

Petitioner's father, Leroy L. Stammel (settlor), established an inter vivos trust on May 31, 1974, naming respondent Commonwealth National Bank as trustee, and his two sons, petitioner Ronald L. Stammel and respondent Robert L. Stammel, as residuary beneficiaries. Settlor died testate on July 26, 1976, naming his two sons as co-executors of his estate.

Settlor directed in his will that if the assets in his probate estate were insufficient to satisfy the death tax and administrative expenses of his estate, then the remaining amounts due were to be paid from his trust assets. The trust indenture specifically authorized the trustee in Article V, subpart B: "To sell . . . any property or part thereof, real or personal, which at any time form part of this Trust Estate at public or private sale for such purposes and upon such terms, including sales on credit with or without security, in such manner and at such prices as it may determine . . ." Article V, subpart E, authorizes the trustee ". . . to pay over to the executor or administrator of Settlor's Estate such sums as may be necessary for the purpose of the payment of taxes, debts and administration expenses without reimbursement."

Article II of the trust indenture directs that the income and principal of the trust be distributed upon the death of settlor in accordance with the provisions of settlor's "Plan of Distribution" contained in Schedule B, Part C. Section 2 of said schedule provides in part that "[a]t the death of the

Settlor, the beneficiaries may, upon joint consent, elect to continue the Trust for purposes of consummating any pending transactions relative to Trust Corpus."

There are insufficient liquid probate or trust assets to satisfy the Federal estate tax liability of settlor's estate. Having been unsuccessful in arranging payment of the tax by other means, petitioner has requested respondent trustee to sell certain real property constituting the primary trust asset. Respondent Stammel has resisted any such sale on the grounds that the trust terminated and trustee's independent power of sale ended upon the death of settlor. He argues further that immediate distribution of the trust assets should be made since he has not consented to the trust's continuation for the purpose of consummating any pending transaction.

Respondent trustee believes that sufficient ambiguity exists in the trust instrument to support its refusal to sell the real property in question absent a determination by this court concerning its authority upon settlor's death to sell trust assets without the consent and joinder of petitioner and respondent Stammel. Fearing the imposition of "transferee" liability under section 6324(2) of the Internal Revenue Code of August 16, 1954, 68 A. Stat. 780, as amended, 26 U.S.C.A. §6324(2), respondent trustee has refused to make distribution of trust assets prior to payment of the Federal estate tax due on settlor's estate.

We are satisfied that this court has jurisdiction to entertain the petition before us on the basis of section 7535(3) of the Declaratory Judgments Act, 42

Pa.C.S.A. §7535(3). Section 7535(3) permits us upon petition by a proper party: "(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

The first question to be addressed is whether or not the inter vivos trust in the instant case and the powers of the trustee terminated automatically on the death of settlor. It is well established that the powers of the trustee do not end immediately upon termination:

"'Although the time for the termination of the trust has arrived in accordance with the terms of the trust, the trustee does not thereby necessarily cease to be trustee, but he continues to be trustee until the trust is finally wound up. The period for winding up the trust is the period after the time for termination of the trust has arrived and before the trust is terminated by the distribution of the trust property.'" Restatement, Trusts, §344, Comment (a), quoted in Thaw Estate, 163 Pa. Superior Ct. 484, 488, 63 A. 2d 417 (1949).

Although settlor directed in the trust indenture that distribution be made upon his death, it is clear in light of the above principle and the language of the instrument itself that respondent trustee retained such powers as are necessary and appropriate for the winding up of the trust.

Regarding the power of sale in particular, we concur with the view that: "If by the terms of the trust the trustee is authorized to sell trust property, it is a question of interpretation whether the power

of sale can be exercised after the time for the termination of the trust has arrived. If the trustee is authorized to sell trust property for the purpose only of investing the proceeds, he is not thereby authorized to sell trust property after the time for the termination of the trust has arrived." Restatement, Trusts, §344, Comment d.

We find that respondent trustee's exercise of its power of sale for the expressly authorized purpose of applying the proceeds of the sale to the payment of settlor's Federal estate tax is a proper action during the winding up of the trust.

Finally, we find that respondent trustee, the fee simple owner of the real property in trust, need not obtain the consent or joinder of petitioner and respondent Stammel in exercising its power of sale for the above stated purpose. We do not believe that the language contained in part C, section 2 of the "Plan of Distribution" is applicable in the present instance and are therefore satisfied that respondent trustee's power of sale is not limited by the requirement of securing the consent of either petitioner or respondent Stammel.

## DECREE

And now, September 20, 1979, upon consideration of the petition, and after a hearing, the foregoing findings of fact and conclusions of law are declared the rights, duties, status, and legal relations of the parties under the terms of the trust agreement between Leroy T. Stammel and Commonwealth National Bank, and these declarations shall have the force and effect of a final judgment or decree.